UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

RUFA DIAZ, for herself
and on behalf of others similarly situated,

    Plaintiff, (s)

v.

HOME ARTS DESIGN FLORIDA, CORP.
EDGARD A. SANTOS, individually,

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff RUFA DIAZ, for herself and on behalf of other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendants HOME ARTS DESIGN FLORIDA, CORP., and EGARD A. SANTOS, individually, and alleges:

INTRODUCTION

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

2. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay the Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

## JURISDICTION AND VENUES

3. This is an action to recover money damages for unpaid half-time overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

4. The venue is proper in this Court because all the actions raised in this complaint took place in Broward County, Florida, within the jurisdiction of this Court.

## PARTIES

5. At all times, material to this action, Plaintiff RUFA DIAZ was a resident of Broward County within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

6. Corporate Defendant HOME ARTS DESIGN FLORIDA, CORP. (hereinafter HOME ARTS DESIGN, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Broward County, Florida. Defendant is engaged in interstate commerce.

7. The individual Defendant EGARD A. SANTOS was and is now the partner/officer and operator of HOME ARTS DESIGN. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

8. All the actions raised in this complaint took place in Broward County, Florida, within this Court's jurisdiction.

## GENERAL ALLEGATIONS

9. This cause of action is brought by Plaintiff RUFA DIAZ as a collective action to recover from Defendants HOME ARTS DESIGN and EGARD A. SANTOS unpaid half-time overtime compensation, liquidated damages, costs, and reasonable attorney's fees under

the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"). Plaintiff also brings this action on behalf of all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2019, (the "material time") without being adequately compensated.

10. Defendant HOME ARTS DESIGN is a construction company specializing in commercial and residential remodeling. Defendant has offices located at 1135 SW 1st Way, Deerfield Beach, Florida 33441, where Plaintiff and other similarly situated individuals worked.

11. Defendants HOME ARTS DESIGN and EDGARD A. SANTOS employed Plaintiff RUFA DIAZ from approximately November 01, 2012, to December 01, 2021, or more than 9 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 138 weeks. For FLSA purposes, Plaintiff's relevant period of employment is 138 weeks. After August 27, 2021, Plaintiff had health problems, and she was unable to return to work. On or about December 01, 2021, Plaintiff was terminated.

12. Plaintiff was hired as a non-exempted, full-time, salaried employee. Plaintiff had duties as a secretary, and she was paid a salary of $1,000.00 per week.

13. During her relevant employment period with Defendants, Plaintiff had a regular schedule. Plaintiff worked six days per week. From Monday to Friday, Plaintiff worked from 7:30 AM to 6:00 PM (10.5 hours each day), and on Saturdays, Plaintiff worked from 8:00 AM to 3:00 PM to 7:30 PM (7 hours). Plaintiff worked a minimum average of 59.5 hours weekly. Plaintiff was not able to take bonafide lunch periods.

14. Thus, Plaintiff regularly worked more than 40 hours weekly. Plaintiff received the same amount as a salary every week regardless of the number of days and hours worked.

15. Plaintiff did not clock in and out, but the Defendants were in complete control of Plaintiff's schedule, and they were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

16. Therefore, Defendants willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and the actual number of hours worked every week.

18. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of unpaid overtime hours based on her best recollections.

19. On or about August 27, 2021, Plaintiff took some weeks off to treat health problems. Plaintiff was not able to return to work, and she was terminated on or about December 01, 2021.

20. Plaintiff RUFA DIAZ seeks to recover half-time overtime wages for every hour worked over 40 in a week for all the relevant weeks that she worked for Defendants, liquidated damages, costs, attorney fees, and any other relief as allowable by law.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

21. Plaintiff RUFA DIAZ re-adopts every factual allegation stated in paragraphs 1-20 above as if set out in full herein.

22. This action is brought by Plaintiff, and those similarly situated to recover from the Employers HOME ARTS DESIGN  unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the

provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of her employees for a workweek longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and a half-time the regular rate at which she is employed."

23. At all times material to this action, Defendant was and continue to be an enterprise engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a design and remodeling construction company, and through its business activity, it affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions.  The annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

24. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff had clerical duties, and through her daily activities, she regularly participated in interstate commerce. In addition, Plaintiff and those similarly situated, regularly, handled, or otherwise worked on goods and/or materials produced for commerce and moved in interstate commerce at any time in business. Therefore, there is FLSA individual coverage.

25. Defendants HOME ARTS DESIGN and EDGARD A. SANTOS employed Plaintiff RUFA DIAZ from approximately November 01, 2012, to December 01, 2021, or more than nine years. However, for FLSA purposes Plaintiff's relevant period of employment is 138

weeks. After August 27, 2021, Plaintiff had health problems, and she was unable to return to work.

26. Plaintiff was hired as a non-exempted, full-time, salaried employee. Plaintiff had duties as a secretary, and she was paid a salary of $1,000.00 per week.

27. During her relevant employment period with Defendants, Plaintiff had a regular schedule. Plaintiff worked six days per week, a total of 59.5 hours. Plaintiff was not able to take bonafide lunch periods.

28. Thus, Plaintiff regularly worked more than 40 hours weekly. However, every week she received the same amount as a salary, regardless of the number of days and hours worked.

29. Plaintiff did not clock in and out, but the Defendants were in complete control of Plaintiff's schedule, and they were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

30. Therefore, Defendants willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

31. The records, if any, concerning the number of hours worked by Plaintiff RUFA DIAZ and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.

32. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and the actual number of hours worked every week.

33. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's reasonable faith estimate of unpaid overtime wages are as follows:

    *Please note that this amount is based on a preliminary calculation that could be subject to modification as discovery could dictate.

    a. <u>Total amount of allegedly unpaid overtime wages</u>:

       Twenty-Two Thousand Six Hundred Thirty-Two Dollars and 00/100 ($22,632.00)

    b. <u>Calculation of such wages</u>:

       Total time of employment: More than 9 years
       Total relevant period of employment: 138 weeks
       Total hours worked: 59.5 hours
       Total number of unpaid O/T hours: 19.5 hours
       Salary: $1,000.00 weekly: 59.5 hours=$16.81
       Hourly rate: $16.81 x 1.5=$25.22 O/T rate - $16.81 O/T rate paid=$8.41 half-time
       Half-time O/T: $8.41

       Half-time $8.41 x 19.5 O/T hours=$164.00 weekly x 138 weeks=$22,632.00

       <u>Nature of wages (e.g., overtime or straight time)</u>:

       This amount represents the unpaid half-time overtime wages.

35. At all times material, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly situated performed services and worked over the maximum hours provided by the Act. Still, no provision was made by Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

36. At times mentioned, individual Defendant EGARD A. SANTOS was, and is now the owner/director and manager of Defendant Corporation HOME ARTS DESIGN. Individual Defendant EDGARD A. SANTOS had absolute operational control of HOME ARTS DESIGN. Individual Defendant EDGARD A. SANTOS was the employer of Plaintiff and

others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of HOME ARTS DESIGN concerning its employees, including Plaintiff and others similarly situated. He is jointly and severally liable for Plaintiff's damages.

37. Defendants HOME ARTS DESIGN, and EDGARD A. SANTOS knew and showed reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

38. Defendants HOME ARTS DESIGN and EDGARD A. SANTOS willfully and intentionally refused to pay Plaintiff overtime wages as required by the United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RUFA DIAZ and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff RUFA DIAZ and other similarly situated and against the Defendants HOME ARTS DESIGN and EDGARD A. SANTOS based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation

      for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and available pursuant to Federal Law.

## JURY DEMAND

Plaintiff RUFA DIAZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED: February 15, 2022

                                                Respectfully submitted,

                                                By: **/s/ Zandro E. Palma**
                                                ZANDRO E. PALMA, P.A.
                                                Florida Bar No.: 0024031
                                                9100 S. Dadeland Blvd.
                                                Suite 1500
                                                Miami, FL 33156
                                                Telephone: (305) 446-1500
                                                Facsimile:  (305) 446-1502
                                                zep@thepalmalawgroup.com
                                                *Attorney for Plaintiff*